SID W. RICHARDSON, INC., Plaintiff,

v.

Thomas E. BRYAN et al., Defendants.

Civ. A. No. 1256.

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 21, 1961.

James C. Martin, Corpus Christi, Tex., Ira Butler, Charles L. Stephens and Gillis A. Johnson, Fort Worth, Tex., for plaintiff.

Charles M. McKnight, Tulsa, Okl., and R. Werlin, Houston, Tex., for defendant Thomas E. Bryan.

Frank B. Pugsley, Baker, Botts, Andrews & Shepherd, Houston, Tex., E. Hastings Ackley, Dallas, Tex., Mellin, Hanscom & Hursh, San Francisco, Cal., and Oscar A. Mellin, San Francisco, Cal., for defendant Otis Engineering Corporation.

GARZA, District Judge.

Originally this case was brought by the plaintiff, Sid W. Richardson, Inc. (hereinafter called "Richardson"), against Thomas E. Bryan, alleging that the said Bryan had infringed on plaintiff's patent. The case was tried before my learned predecessor, James V. Allred, now deceased, who, on June 27, 1956, filed his conclusions of law and of fact which included Conclusion of Law No. 14 which stated:

"Plaintiff is entitled to an accounting for damages as prayed for and to an order for reference to a master for a determination thereof, includ·

ing reasonable attorney's fees and costs."

Later, on August 4, 1956, Judge Allred entered judgment which in part said:

"The question as to the amount, if any, of attorney's fees to be awarded to plaintiff is reserved for determination by this Court until after the receipt of the report of the master to ascertain damages as next indicated."

In the meantime, Otis Engineering Corporation (hereinafter called "Otis") purchased from defendant Bryan, while the case was still pending in the trial court and prior to the rendition of judgment, the accused devices, and entered into an agreement with Bryan to indemnify him with respect to any damages which might be awarded, and under said agreement assumed control of the litigation, perfected an appeal and exhausted all rights of appeal. The referral to the master was stayed until the appeal of the case was heard. The case was affirmed by the Fifth Circuit, 254 F.2d 191, and writ of certiorari was denied, 358 U.S. 815, 79 S.Ct. 22, 3 L.Ed.2d 57.

The case was not referred to the master for the reason that on June 22, 1959, the plaintiff, Sid W. Richardson, Inc., and Otis Engineering Corporation entered into a compromise and settlement agreement on the question of the damages.

Under Paragraph 2 of the compromise and settlement agreement between Richardson and Otis, it was agreed as follows:

"It is expressly understood and agreed that this settlement agreement is without prejudice to and in no way affects Richardson's rights to proceed against Bryan and/or Otis, either jointly, severally or both, for attorney fees for Richardson's attorneys in connection with their services in the preparation, trial and appeal of said cause, and that this settlement agreement instead only affects and forever settles the damage issue involved in such suit."

Richardson has now filed a supplemental petition against both Bryan and Otis, asking the Court to award attorney's fees.

Both Bryan and Otis have filed motions to dismiss the supplemental complaint, or in the alternative motions for summary judgment under Rule 56, F.R.Civ.P., 28 U.S.C., claiming that the Court was without jurisdiction to enlarge the judgment to include an award of attorney's fees as against defendant Thomas E. Bryan and/or Otis Engineering Corporation; Otis also claiming that it is not a proper party to the suit since it is not a successor to Bryan, as claimed by Richardson.

██ The point for this Court to decide is whether or not Judge Allred awarded attorney's fees in his judgment of August 4, 1956.

Defendants argue that Judge Allred, by adding the words "if any", did not award attorney's fees.

If we take Judge Allred's Conclusion of Law No. 14 as above stated, and read the portion of the judgment referring to attorney's fees, this Court cannot reach any conclusion other than the one that Judge Allred intended to and did award attorney's fees and reserved for the Court the question of the amount for later determination. There is ample authority allowing a district court in a patent infringement case to leave the question of the amount of attorney's fees for determination even after an appeal.

Defendants claim that Richardson should have asked for determination of an award on attorney's fees before allowing them to appeal.

Under the reservation made by Judge Allred in his judgment, Richardson had a right to assume that they had been awarded attorney's fees and that the Court was only reserving the amount for later judgment; and it was the defendants, and not the plaintiff, who had the duty to appeal from an award of attorney's fees in this case from the judg-

ment of Judge Allred entered on August 4, 1956.

■ Defendants contend that under 35 U.S.C. § 285, stating, "The Court in exceptional cases may award attorney's fees to the prevailing party", Judge Allred should have made a specific finding that this was an exceptional case before the award for attorney's fees can stand.

This Court cannot agree with such contention. If a court awards attorney's fees, it is presumed that he thought it an exceptional case.

■ The contention of Otis that it is not a proper party to this suit cannot be sustained. Its contract with Bryan shows that it was succeeding to Bryan's interest in this lawsuit, and in the compromise and settlement agreement between Richardson and Otis, above referred to, Otis admits being a successor to Bryan when it is said in Paragraph 1 thereof:

"* * * in full settlement of all damage claims which Richardson acquired against Bryant and Otis as his successor, as a result of said judgment and said Action No. 1256."

The motions of the defendants are therefore denied.

■ The Court having found that Judge Allred did award attorney's fees to Richardson and reserved for the Court the question of the amount to be assessed, if any, leaves no issue before the Court but the determination of said amount. The Court feels that this is a question that should be submitted to a master. The parties should agree, if they can, on a master to be appointed by the Court to resolve this question. It might be that the master appointed by Judge Allred, Mr. Vernon D. Harville, is still available, and he might be the proper person to refer it to.

The Clerk will advise counsel of this memorandum opinion and ask the attorneys for Sid W. Richardson, Inc., to prepare an order in conformity herewith.